UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Olde Wood, Ltd, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) Judge |
| v. | ) |
| | ) |
| State Auto Property and Casualty | ) |
| Insurance Company, *et al.*, | ) |
| | ) |
| Defendants. | |

**NOTICE OF REMOVAL**

Now comes Defendant State Auto Property and Casualty Insurance Company ("State Auto P&C"), by and through counsel, and for its Notice of Removal of this action from the Common Pleas Court of Stark County, Ohio to the United States District Court, Northern District of Ohio, Eastern Division, states:

1. Plaintiff Olde Wood, Ltd. ("Plaintiff") filed suit in the Common Pleas Court of Stark County, Ohio in Case No. 2025CV01385 on or about June 20, 2025. Plaintiff's Complaint alleges causes of action against State Auto P&C for declaratory judgment, breach of contract and insurance bad faith.

2. State Auto was served with Plaintiff's Complaint not more than 30 days ago.

3. This Court has original jurisdiction over this type of action pursuant to 28 U.S.C. §1332(a)(1), and State Auto P&C may therefore remove this action to this Court pursuant to 28 U.S.C. §1441(a), for:

    (a)    Complete diversity of citizenship exists between Plaintiff, a citizen of Ohio which is incorporated in and maintains its principal place of business in Ohio; and State Auto P&C, a non-citizen of Ohio which is incorporated in Iowa and

1

      maintains its principal place of business in Massachusetts; and

   (b) State Auto P&C believes the judgment against it if Plaintiff were to prevail on the merits of the case as presented in the Complaint <u>could</u> exceed $75,000, as Plaintiff's Complaint indicates that it seeks over $3,000,000 in damages.

4. As required by 28 U.S.C. §1446(b), State Auto P&C is filing this Notice of Removal within thirty days of State Auto P&C being served with Plaintiff's Complaint.

5. This action has been pending for less than a year.

6. As required by 28 U.S.C. §1446(a), State Auto P&C is attaching hereto a copy of each process, pleading and order it has received as Exhibit 1.

7. Plaintiff has also named State Automobile Mutual Insurance Company dba State Auto Insurance Companies ("State Auto Mutual") in the Complaint as a co-defendant. State Auto Mutual is an Ohio corporation and thus an Ohio citizen, such that complete diversity does not exist between State Auto Mutual and Plaintiff. But, State Auto Mutual is fraudulently joined in this action, as "no colorable cause of action" exists against that party. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 489 (6th Cir. 1999).

8. The claims asserted against State Auto Mutual are identical to those asserted against State Auto P&C – declaratory judgment, breach of contract and bad faith. The Complaint in fact identifies State Auto P&C and State Auto Mutual as, collectively, "State Auto."

9. The insurance policy underlying all of Plaintiff's claims is attached to Plaintiff's Complaint, and a review of the same confirms that it was issued by State Auto P&C, not State Auto Mutual:

| SPECIAL ACCOUNT POLICY COMMON DECLARATIONS | |
|---|---|
| NAMED INSURED AND MAILING ADDRESS:<br>First Named Insured Is Specified To Be:<br>**OLDE WOOD LIMITED**<br>**7557 WILLOWDALE AVE**<br>**MAGNOLIA, OH 44643** | AGENT NAME AND ADDRESS:<br>**SCHAUER GROUP INC.**<br>**200 MARKET AVE N STE 100**<br>**CANTON, OH 44702** |
| POLICY PERIOD:<br>From: 10/19/2022   To: 10/19/2023 | AGENT TELEPHONE NUMBER:<br>(330) 453-7721 — AGT. NO. 0002036 |
| COVERAGE PROVIDED BY:<br>**State Auto Property and Casualty Insurance Co.** | A STATE AUTO INSURED SINCE:<br>2022 |

(Complaint Ex. A, p. 1.  Emphasis added.)

10. "Ohio has no remedy for and does not recognize an action in contract absent privity." *Mahalsky v. Salem Tool Co.*, 461 F.2d 581, 584 (6th Cir. 1972).  Because State Auto Mutual did not write the insurance policy in question, Plaintiff can state no viable breach of contract or declaratory relief claim against State Auto Mutual.  *Boyd v. Am. Family Financial Security Life Ins. Co.*, 2021 WL 168421, *2-3 (N.D. Ohio, Jan. 19, 2021) (where insurance policy underwritten by Federal Insurance Company, that was only proper defendant in breach of contract and insurance bad faith case).

11. "The duty of an insurer to act in good faith in handling claims of the insured derives from the contract between the insurer and insured." *Boyd*, 2021 WL 168421 at *3, *citing Hoskins v. Aetna Life Ins. Co.,* 452 N.E.2d 1315 (Ohio 1983).  As a result, "Ohio courts have consistently rejected bad faith claims where the parties are not in privity with each other." *Day v. Golden Rule Ins. Co.*, 2023 WL 5209365, *3 (S.D. Ohio, Aug. 14, 2023; *The William Powell Co. v. Nat'l. Indem. Co.*, 141 F.Supp.3d 773, 782 (S.D. Ohio 2015); *Gillette v. Est. of Gillette*, 873 N.E.2d 1283, 1286 (Ohio App. 2005); *see also*, *Boyd*, 2021 WL 168241 at *3 (because insureds were not in privity of contract with two defendants, insureds had "not alleged a plausible bad faith claim" against them).

12. The fact that State Auto P&C and State Auto Mutual may be affiliates of each other does not impact the above analysis or give rise to a bad faith claim against State Auto Mutual if it did not write the insurance policy in question. *Day*, 2023 WL 5209365, *3, fn. 3 (that a policy issued by Golden Rule Insurance Company listed that insurer as "a UnitedHealthcare Company" was not enough to establish privity between the insured and UnitedHealthcare); *Ohio Valley Physicians, Inc. v. Scottsdale Ins. Co.*, 2020 WL 6220062, *3 (S.D. Ohio Sept. 28, 2020), report and recommendation adopted, 2020 WL 6204464 (S.D. Ohio Oct. 22, 2020) (rejecting the argument that an affiliate entity's logo within a policy can create privity between the affiliate and the insured).

13. Because it was fraudulently joined in the Complaint, State Auto Mutual need not consent to or join in the removal of this action. *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015).

                                            Respectfully submitted,

                                            */s/ William M. Harter*
                                            William M. Harter (0072874)
                                            Frost Brown Todd LLP
                                            10 West Broad Street, Suite 2300
                                            Columbus, OH 43215
                                            (614) 464-1211 / (614) 464-1737 (fax)
                                            wharter@fbtlaw.com

                                            *Attorneys for Defendant State Auto Property and Casualty Insurance Company and State Automobile Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was served this 24th day of July 2025, via U.S. Mail, postage prepaid on:

Ralph Dublikar
Baker Dublikar
400 South Main Street
North Canton, OH 44720
*Attorney for Plaintiff*

                                                            */s/ William M. Harter*
                                                            William M. Harter (0072874)

0000T69.0808268   4934-0453-4358v1